IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APRIL ROBLES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No._____ |
| § | |
| EMINENT MEDICAL CENTER, LLC § | |
| AND EMINENT MEDICAL CENTER § | |
| OPERATING, LLC § | |
| § | |
| Defendants. § | |

COMPLAINT

Plaintiff April Robles, complaining of Defendant Eminent Medical Center, LLC and Eminent Medical Center Operating, LLC (together, one or both, "Defendant"), would show as follows:

Parties

1. Plaintiff is an individual citizen of Texas.

2. Eminent Medical Center, LLC and Eminent Medical Center Operating, LLC are limited liability companies with a principal place of business in Richardson, Texas and may be served with summons through their registered agent for service of process in Texas, Jason T. Mackey, 5646 Milton Street, Suite 920, Dallas, Texas 75206.

Jurisdiction

3. This Court has federal question jurisdiction over this action under 28 U.S.C. §1331 based on Plaintiff's claims under the Family and Medical Leave Act ("FMLA") and will also have jurisdiction of any claim by Plaintiff under the Americans with Disabilities Act. This

Court will also have supplemental jurisdiction under 28 U.S.C. § 1367 over claims under Texas law.

## Venue

4.  Venue is proper in that the acts and omissions of Defendant giving rise to Plaintiff's claims arose at Plaintiff's place of employment with Defendant in Richardson, Texas, within this District.

## Facts

5.  Plaintiff, a registered nurse, was employed as a nurse by Defendant beginning on October 22, 2018, as manager of Defendant's pre-anesthesia care, pre-op and pre-admission testing units. Between October 22, 2018 and December 9, 2019, Plaintiff worked 12 full months and 1250 hours for Defendant.

6.  Plaintiff was a patient of Dr. Stephen Courtney, an owner of Defendant, on June 10, 2019, in connection with a steroid injection to treat several herniated discs in her neck. In connection with the procedure, Plaintiff suffered injury, in the form of upper extremity pain representing complex regional pain syndrome and nerve damage requiring carpal tunnel relief, after employees of Defendant negligently supplied to Plaintiff, to treat nausea, an improperly undiluted form of the drug Phenergan. Defendant admitted liability for its negligence, and the harm caused Plaintiff, by the infusion of such improperly undiluted Phenergan, and agreed to pay for all damages resulting from such negligence, including lost compensation and benefits and all expenses of treatment of Plaintiff relating to her injury. Pursuant to such agreement, Defendant paid Plaintiff lost compensation resulting from the injury to her occasioned by such negligence without deducting accrued paid time off. Plaintiff also paid expenses of treatment of Plaintiff relating to her injury. However, in August 2019, Defendant ceased payment of any such

expenses, lost compensation and benefits or other damages attributable to the injury associated with the June 10, 2019 procedure. The resulting unreimbursed expenses of care include expenses of carpal tunnel release surgery on August 8, 2019 and ongoing care related to such surgery, as well as other damages associated with Defendant's negligence in connection with the June 10, 2019 procedure, including physical impairment and mental anguish.

7.    After the June 10, 2019 injury and after the surgery on August 8, 2019, Plaintiff was released to return to work subject to restrictions in use of her hand. Notwithstanding the release, Defendant, on or about August 24, 2019, put Plaintiff on probation for 30 days. Thereafter, on September 30, 2019, Defendant demoted Plaintiff to the position of a staff nurse effective October 1, 2019, even though Plaintiff's performance between August 24, 2019 and September 30, 2019 had been repeatedly complimented, including in writing. As a result of her demotion, Plaintiff had her compensation reduced from $43 per hour to $40 per hour, and also had her scheduled hours of work reduced. Then, on November 4, 2019, Plaintiff was made aware by one of her physicians of the urgent necessity for surgery on her neck and so advised Defendant.  A representative of Defendant asked Plaintiff to delay such surgery until late December 2019. Plaintiff agreed but then was advised on December 6, 2019 that surgery needed to occur as soon as possible. In light of such advice, Plaintiff left work to go to an emergency room and, in connection with the emergency room visit, obtained a physician's note to immediately take leave. Plaintiff advised Defendant on December 6, 2019 of such note, and on December 9, 2019, further obtained an FMLA leave certification provided by a physician dictating leave under the FMLA to obtain, and recover from, surgery. You Defendant, instead of honoring note and FMLA leave certification, terminated Plaintiff on December 9, 2019. Plaintiff's employment with Defendant was terminated on the false pretextual basis that she

allegedly verbally abused a certain medical provider associated with Defendant, also verbally abused a patient and inappropriately referred to the appearance of a patient. The medical provider and the patient purportedly verbally abused denied that they were verbally abused. The allegation that Plaintiff inappropriately referred to the appearance of the patient was also false.

8.  Plaintiff has suffered, and continues to suffer, lost compensation and benefits. Plaintiff has also suffered, and will continue to suffer, other damages in the nature of compensatory damages. Defendant engaged in the conduct referred to in paragraph 7 relating to denial of an FMLA leave to Plaintiff, and the denial to Plaintiff of other rights under the FMLA, without a good faith reasonable belief in the legality of its conduct.

## Claims

9.  For her first cause of action, Plaintiff would show that Defendant violated Section 2614(a)(1) of the FMLA, in that she was entitled to FMLA leave at the time of her termination, such that terminating her amounted to denial of leave, and specifically denial of her right to be restored to the position of employment she held when the leave commenced. Plaintiff is accordingly entitled to recover from Defendant lost compensation and benefits, liquidated damages, prejudgment interest, attorney's fees and costs.

10. For her second cause of action, Plaintiff would show that Defendant violated Section 2615(a)(1) and (2) and (b)(1) of the FMLA, in that Defendant, by terminating Plaintiff, interfered with, restrained or denied Plaintiff the exercise of or attempt to exercise, or right to FMLA leave, and discharged or otherwise discriminated against Plaintiff for opposing a violation of the FMLA or because Plaintiff initiated or caused to be initiated a proceeding under the FMLA. Plaintiff is accordingly entitled to recover from Defendant lost compensation and benefits, liquidated damages, prejudgment interest, attorney's fees and costs.

11. For her third cause of action, Plaintiff would show, subject to her obtaining a notice of right to sue on her charge of discrimination against Defendant, to the extent it alleges violations of the American with Disabilities Act and a notice of right to file civil action, to the extent it alleges violations of Texas Labor Code, or the passage of 180 days from her filing of a charge with respect to her claims under the Texas Labor Code, Plaintiff would show that she was subjected by Defendant to discrimination on the basis of disability, including being denied reasonable accommodations to her disability, and to retaliation, in violation of the Americans with Disabilities Act and the Texas Labor Code. Plaintiff is accordingly entitled to recover lost compensation and benefits, compensatory damages, punitive damages, prejudgment interest, attorney's fees and costs.

12. For her fourth cause of action, Plaintiff would show that Defendant, by its agreement to pay to Plaintiff all damages arising from its negligent administration to her of improperly diluted Phenergan on June 10, 2019, entered into a contract with Plaintiff, and breached such contract. Plaintiff is accordingly entitled to recover her actual damages, prejudgment interest, attorney's fees and costs.

13. Plaintiff demands a jury.

WHEREFORE, Plaintiff prays for all relief to which she may be entitled.

Respectfully submitted,

/s/Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Kilgore & Kilgore PLLC
3019 Carlisle Street
Dallas, Texas 75204
(214) 379-0831
(214) 379-0840 (telecopy)

COUNSEL FOR PLAINTIFF